PD-1303-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/9/2015 11:22:34 AM
Accepted 12/10/2015 5:33:13 PM
ABEL ACOSTA
CLERK

NO. PD-1303-15

# IN THE TEXAS COURT OF CRIMINAL APPEALS

\*\*\*\*\*\*

## ROXANE YVETTE DAVIS
Appellant

## V.

## THE STATE OF TEXAS
Appellee

\*\*\*\*\*\*

## MOTION FOR REHEARING
## AFTER PDR REFUSED

## NO. 12-15-00077-CR

## TEXAS COURT OF APPEALS
## TWELFTH DISTRICT AT TYLER

\*\*\*\*\*\*

## ON APPEAL FROM CAUSE NO. 241-1149-14
## IN THE 241ST JUDICIAL DISTRICT COURT OF
## SMITH COUNTY, TEXAS
## HONORABLE JACK SKEEN, JUDGE PRESIDING

\*\*\*\*\*\*

J. Brandt Thorson
SBN: 24043958
**J. BRANDT THORSON, PLLC**
P.O. Box 3768
Longview, Texas 75606
(903) 758-4878
(903) 212-3038 Facsimile
**ATTORNEY FOR APPELLANT**

FILED IN
COURT OF CRIMINAL APPEALS

December 10, 2015

ABEL ACOSTA, CLERK

1

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

COMES NOW ROXANNE YVETTE DAVIS, Appellant, by and through her attorney of record, J. Brandt Thorson, and pursuant to Rule 79 of the Texas Rules of Appellate Procedure, as well as the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§13 and 19 of the Texas Constitution, files this Motion for Rehearing After PDR Refused, and would show this Honorable Court the following:

## GROUND FOR REHEARING

In her petition for discretionary review Appellant challenged the standards for analysis of proportionality in sentences.

The twelfth court of appeals has repeatedly used the circular argument cited in its opinion herein as a basis upon which to strike down challenges to the proportionality of a sentence to the crime committed. See e.g. *Whitaker v. State*, No. 12-12-0313-CR, 06/25/13 (mem.op., not designated for publication), a copy of which is attached hereto as Exhibit "A" for the court's ready reference. The twelfth court's analysis is based exclusively on *Rummel v. Estell*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

Over 35 years have passed since the decision in *Rummel*, evolving standards of justice in non-violent cases mandate that the Court should re-examine this issue.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant this Motion; issue an opinion reversing the court of appeal's judgment and remanding the cause to the appellate court for reconsideration.

Respectfully submitted,

By:    /s/ J. Brandt Thorson
    J. Brandt Thorson
    SBN: 24043958
    **J. BRANDT THORSON, PLLC**
    606 E. Methvin St.
    P.O. Box 3768
    Longview, Texas 75606
    (903) 758-4878
    (903) 212-3038 Facsimile
    jbt@jbtfirm.com

**CERTIFICATE OF COMPLIANCE**

I certify that this motion contains 526 words according to the computer program used to prepare the document.

    /s/ J. Brandt Thorson
    J. Brandt Thorson

## CERTIFICATE OF SUBSTANTIAL INTERVENING CIRCUMSTANCES

Pursuant to Tex.R.App.Pro. 79.2(c), I hereby certify that this Motion for Rehearing After PDR Refused is grounded in substantial intervening circumstances or on other significant circumstances, which are specified in the motion; and further, that this motion is made in good faith and not for delay.

SIGNED this 9th day of December, 2015.

_____/s/ J. Brandt Thorson_____
J. Brandt Thorson

## CERTIFICATE OF SERVICE

By affixing my signature above, I hereby certify that a true and correct copy of the foregoing Appellant's Motion for Rehearing After PDR Refused was served to the office of D. Matt Bingham, Criminal District Attorney of Smith County and to Lisa McMinn, State Prosecuting Attorney on this the 9th day of December, 2015, electronically through the electronic filing manager.

_____/s/ J. Brandt Thorson_____
J. Brandt Thorson
Attorney for Appellant
SBN: 24043958

PP - 1303-15

# NO. 12-12-00313-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMAIOUS L. WHITAKER,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jamious L. Whitaker appeals the revocation of his community supervision, following which he was sentenced to imprisonment for ten years. In one issue, Appellant argues that his sentence amounts to cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was charged by indictment with engaging in organized criminal activity and pleaded "guilty." The trial court found Appellant "guilty" as charged and sentenced him to imprisonment for ten years, but suspended the sentence and placed Appellant on community supervision for ten years.

On July 10, 2012, the State filed a motion to revoke Appellant's community supervision alleging that Appellant had violated certain conditions thereof. On September 7, 2012, the trial court conducted a hearing on the State's motion. Appellant pleaded "not true" to the allegations in the State's motion. At the conclusion of the hearing, the trial court found multiple allegations in the State's motion to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for ten years. This appeal followed.

EXHIBIT "A"

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that his sentence amounts to cruel and unusual punishment in violation of the United States and Texas constitutions. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1. Even so, we conclude that the sentence about which Appellant complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of engaging in organized criminal activity, the punishment range for which is, under the facts of this case, two to ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 71.02 (West 2011 & Supp. 2012). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

2

We must first determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—engaging in organized criminal activity—was more serious than any of the offenses committed by the appellant in *Rummel*, while Appellant's ten year sentence is no more severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it follows that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3